ELIAS TURNER *vs.* DICKINSON SHEARER.

The statute of limitations begins and continues to run while the debtor is within the Commonwealth, although brought here under a warrant for crime, and then imprisoned here.

ACTION OF CONTRACT for money paid to the defendant's use in 1841 and 1842. Answer, the statute of limitations.

The plaintiff, at the trial in the court of common pleas, relied upon the following facts to take the case out of the statute : About 1839, the defendant, who had been for some time absent in Virginia, returned to this commonwealth, and committed a crime, and fled to Virginia, where he was immediately arrested upon a requisition from the governor of this commonwealth, and brought here, and imprisoned, indicted, tried, convicted and sentenced to seven years' imprisonment, and served out his sentence in the state prison, and remained within the Commonwealth until 1850, when he left the Commonwealth, and has not since returned.

*Sanger*, J. ruled that these facts, if proved, would take the case out of the statute, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. A. Winchester*, for the defendant, was stopped by the court.

*C. Torrey*, for the plaintiff. The defendant was not a resident within this commonwealth for the period of six years after the cause of action accrued, and before the commencement of this action ; being a citizen of another state, and not coming here with a design to dwell within the jurisdiction of this commonwealth. To enable the statute to run, the defendant's coming into the Commonwealth must be voluntary, and his residence such as to enable the plaintiff beneficially to serve process, by arresting his body as security for the debt. *White* v. *Bailey*, 3 Mass. 271. *Dwight* v. *Clark*, 7 Mass. 515. *Byrne* v. *Chowninshield*, 1 Pick. 263. *Little* v. *Blunt*, 16 Pick. 359. *Smith* v. *Bond*, 8 Alab. 386. *Hysinger* v. *Baltzell*, 3 Gill & Johns. 158. *Wheeler* v. *Brewer*, 20 Verm. 113. *Hackett* v. *Kendall*, 23 Verm. 275. The defendant, during his imprisonment in the state prison,

under the sentence of a court of competent jurisdiction, was civilly dead, and the operation of the statute was suspended until his release from duress.

BIGELOW, J.   When the cause of action in the present case accrued, the defendant was within the Commonwealth, and did not leave it until more than six years thereafter.   It is clear that he does not come within that exception to the operation of the statute of limitations, which is applicable to absent debtors.   Rev. Sts. *c.* 120, § 9.   It can make no difference that his return to the Commonwealth was compulsory, and the larger part of his sojourn here was enforced by a sentence for a criminal offence.   The imprisonment of a debtor does not prevent a creditor from commencing an action, and making legal service upon him in the state prison.   Rev. Sts. *c.* 144, § 25.   There was therefore no good reason for making such imprisonment of a debtor a cause of suspending the operation of the statute in regard to debts due from him.   That the legislature did not intend to embrace it among the exceptions of the statute is manifest from the fact, that by § 6 of the Rev. Sts. *c.* 120 imprisonment is expressly enumerated as one of the disabilities which shall prevent the statute from running against a creditor, but is wholly omitted as a ground of exception to avoid its operation in favor of a debtor.                     *Exceptions sustained.*